UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-35-KSF

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              **OPINION & ORDER**

WALTER L. BALLARD                                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Walter L. Ballard, to dismiss the indictment.  DE # 9.  For the reasons set forth below, Ballard's motion will be denied.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts are not in dispute.  During the course of the investigation of a string of residential burglaries in Scott and Harrison counties, law enforcement learned that Ballard was in possession of a stolen Marlin .22 caliber rifle at his home in Paris, Bourbon County, Kentucky.  The rifle had been stolen by Jason Shipwash during a residential burglary in Harrison County on or about October 21, 2008.

Ballard was interviewed at his home by Scott County Deputy Sheriff Josh Hudnall on October 27, 2008.  Ballard told Deputy Hudnall that Shipwash brought him the rifle around October 23, 2008, and also provided a signed statement.  The Bureau of Alcohol, Tobacco and Firearms ("ATF") subsequently became involved in the investigation, and ATF Special Agent Steve Frueh interviewed Ballard at his home on November 20, 2008.  Ballard again admitted to receiving the Marlin .22 caliber rifle from Shipwash in late October 2008.  Ballard told Special Agent Frueh that he did not know whether the gun was stolen.  When Special Agent Frueh asked Ballard whether he

had any other firearms at his home, Ballard showed him four firearms: a Marlin, Model 70, .22 caliber rifle; a Marlin Glenfield, Model 60, .22 caliber rifle; a Remington, Model 1903, 30-06 caliber rifle; and a New England Firearms 12 gauge shotgun. All four guns were located in Ballard's bedroom.

Ballard further informed Special Agent Frueh that he was a convicted felon, having served four years for murder and assault in the mid-1970s. Special Agent Freuh later performed a criminal history check and determined that Ballard had been convicted of murder, assault, burglary, and wanton endangerment in Fleming County Circuit Court in 1976. The offenses apparently stem from the same incident that occurred on September 1, 1976. Ballard was sentenced to a total of 21 years imprisonment, to be run concurrent with any other sentence. He was paroled on September 26, 1980, and was discharged from parole supervision on August 29, 1997.

On March 5, 2009, a federal grand jury in the Eastern District of Kentucky returned a one count indictment against Ballard, charging that on or about November 20, 2008, having previously been convicted of a felony, Ballard did knowingly possess in and affecting commerce four firearms in violation of 18 U.S.C. § 922(g)(1). [DE #1] Ballard subsequently entered a plea of not guilty to the charge, and this matter is currently set for trial on May 19, 2009.

## II.   BALLARD'S MOTION TO DISMISS THE INDICTMENT

Ballard now moves the Court to dismiss the indictment on several grounds. First, relying on KRS § 527.040(4), Ballard argues that under Kentucky law he is permitted to possess firearms, other than handguns, because his conviction was prior to 1994. As a result, he argues that pursuant to 18 U.S.C. § 921(a)(20), his prior conviction cannot be used to support the indictment. The Court disagrees.

KRS 527.040 makes it illegal under Kentucky law for a convicted felon to possess, manufacture, or transport a firearm unless he has been granted a full pardon by the Governor or by the President of the United States, or been granted relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968. Ballard does not argue that he has received a pardon or been granted relief from his federal firearms disability. However, he points to KRS 527.040(4), which provides that "[t]he provisions of this section with respect to handguns, shall apply only to persons convicted after January 1, 1975, and with respect to other firearms, to persons convicted after July 15, 1994." While Ballard may be correct that Kentucky law allows him to possess firearms because he was convicted prior to 1994, KRS 527.040(4) does not impact the federal firearms charge against him.

Ballard has been charged under 18 U.S.C. § 922(g)(1), which makes it a crime for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. There is no dispute that Ballard has been convicted of multiple Kentucky felony offenses, each carrying punishment of imprisonment for a term exceeding one year. Under *federal* law, he is prohibited from possessing *any* firearms. 18 U.S.C.§ 922(g)(1). *See also Caron v. United States*, 524 U.S. 308, 316 (1988)("As to the possession of weapons . . . the Federal Government has an interest in a single, national, protective policy, broader than required by state law).

Contrary to Ballard's argument, KRS 527.040(4) does not act to restore his *federal* right to possess firearms. Under federal law, the restoration of a defendant's civil rights may serve to eliminate a prior conviction from consideration. Specifically, 18 U.S.C. § 921(a)(20) provides, in relevant part:

3

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

However, "Kentucky does not restore civil rights to convicted felons by statute." *United States v. Warren*, 973 F.2d 1304, 1310 (6th Cir. 1992). Rather, under Kentucky law, a defendant seeking restoration of rights must either petition the Governor of Kentucky or the President of the United States for a pardon, or the ATF for a restoration of federal firearm rights. KRS § 507.040. Thus, KRS 507.040 cannot act as a restoration of Ballard's civil rights.

Next, Ballard contends that to the extent that § 922(g)(1) requires proof that he knew the firearm was stolen, it is unconstitutional. However, as the United States argues, a conviction under § 922(g)(1) only requires proof that the defendant knew "that the instrument possessed is a firearm." *United States v. Davis*, 2001 WL 1662485, *8 (6th Cir. 2001); *United States v. Capps*, 77 F.3d 350, 352 (10th Cir. 1996). The indictment properly charges that Ballard knowingly possessed several firearms. Ballard's argument on this point is without merit.

Ballard also contends that his due process rights will be violated unless he is permitted to establish his lack of knowledge of the unlawfulness of his alleged possession of firearms. He contends that he was informed by a Kentucky State Police detective and his parole officer that he could possess firearms. However, Ballard "knew or should have known that, as a felon, his right to possess firearms could be restricted." *United States v. Haire*, 89 Fed.Appx. 551, 555 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999). Ballard has admitted to Special Agent Frueh that he was a felon and that he possessed the rifles and shotgun found in his bedroom. These

4

facts are sufficient to support a conviction under § 922(g)(1). The fact that he was advised otherwise by state or local officials - the entrapment by estoppel defense - does not bind the federal government. *United States v. Ormsby*, 252 F.3d 844, 851 (6th Cir. 2001)("although the defense may apply to a federal firearms offense under § 922, it does not apply when 'the state incorrectly advises the person and, then, the federal government prosecutes the person'")(citing *United States v. Funches*, 135 F.3d 1405, 1407 (11th Cir.1998).

Finally, Ballard argues that the § 922(g)(1) charge is prohibited by the Ex Post Facto Clause of the United States Constitution. "[T]he Ex Post Facto Clause is implicated when a law applies to an event occurring before its enactment and the law disadvantages the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995). In this case, Ballard's felony conviction occurred in 1976. The crime he is currently charged with, felon in possession of firearms, § 922(g)(1), was enacted in 1986 as part of the Firearms Owners' Protection Act, and consolidated three former provisions of Title 18, enacted as part of the Omnibus Crime Control and Safe Streets Act and the Gun Control Act of 1968. *United States v. Langley*, 62 F.3d 602, 604 (4th Cir. 1995); *see also Cassidy*, 899 F.2d at 546-47. His possession of firearms is alleged to have occurred on or about November 2008. Thus, Ballard cannot claim the benefit of the Ex Post Facto Clause when his criminal conduct - the possession of the firearms - occurred well after the law was enacted.

Accordingly, for the reasons set forth above, Ballard's motion to dismiss the indictment [DE #9] is **DENIED**.

This 7th day of May, 2009.



**Signed By:**

**_Karl S. Forester_** KSF

**United States Senior Judge**